Danielle Hultenius Moore (SBN 232480)
E-Mail: dmoore@fisherphillips.com
Aaron F. Olsen (SBN 224947)
E-Mail: aolsen@fisherphillips.com
Christopher M. Champine (SBN 323385)
E-Mail: cchampine@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

Attorneys for Defendant,
INTERNATIONAL PAPER COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO GUTIERREZ, on behalf of himself, the State of California, and others similarly situated and aggrieved,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL PAPER COMPANY, a New York corporation; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.:<br><br>*Removed from Orange County Superior Court, Case No. 30-2022-01295807-CU-OE-CXC*<br><br>**DEFENDANT INTERNATIONAL PAPER COMPANY'S NOTICE OF REMOVAL UNDER FEDERAL QUESTION JURISDICTION (28 U.S.C. §§ 1331, 1367, 1441, 1446, 29 U.S.C. §§ 185, et seq., and 29 U.S.C. §§ 151-169)**<br><br>OCSC Comp Filed: December 8, 2022<br>Trial Date: Not Set |

**TO PLAINTIFF RODOLFO GUTIERREZ AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant International Paper Company ("Defendant" or "IP") hereby removes the above-referenced action of Plaintiff Rodolfo Gutierrez ("Plaintiff") from the Superior Court of the State of California, County of Orange to the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1331, 1367, 1441, and 1446, 29 U.S.C. §§ 185, et seq., and 29 U.S.C. §§ 151-169. In support of removal, IP states as follows:

## I. BACKGROUND

On December 8, 2022, Plaintiff filed a Private Attorneys General Act of 2004 or "PAGA" Complaint against Defendant in the Superior Court of California, County of Orange, entitled *RODOLFO GUTIERREZ, on behalf of himself, the State of California, and others similarly situated and aggrieved v. INTERNATIONAL PAPER COMPANY, a New York Corporation, and DOES 1-10, inclusive*, Case No. 30-2022-01295807-CU-OE-CXC ("Complaint"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached to this Notice as **Exhibit A**. The allegations of the Complaint are incorporated by reference in this Notice of Removal without admission of or agreement to the truth of any of them.

The Complaint purports to assert eighteen categories of labor code and wage order violations against IP, each grouped under a single cause of action for violation of California Labor Code[1] section 2699, et seq., stemming from the employment of Plaintiff and similarly situated, aggrieved employees. The Complaint seeks penalties under PAGA for Labor Code violations including 1) unpaid minimum and overtime wages; 2) meal period violations; 3) rest period violations; 4) inaccurate wage statements; 5) seating violations; 6) inaccurate records; 7) failure to produce records; 8) unreimbursed business expenses; 9) sick leave violations; 10) failure to provide supplemental sick leave; 11) failure to timely pay all wages upon separation of employment; 12) refusal to make payment; 13) unlawful deductions; 14) statutory wage violations; 15) temperature violations; 16) "Standard Conditions of Labor Violations;" 17) failure to pay vested vacation/paid time off; and 18) "Unlawful Agreements-Unlawful Criminal History Inquiries."

/ / /

/ / /

---

[1] All references herein to the "Labor Code" refer to the California Labor Code.

IP did not answer Plaintiff's Complaint in Orange County Superior Court prior to removal. Based on information and belief, there are no other pleadings filed in this matter.

## II.   REMOVAL IS TIMELY

On January 6, 2023, IP accepted service of the Complaint (**Exhibit A**), Summons, and Civil Case Cover Sheet, which are attached to this notice as **Exhibit B**. *See* Declaration of Aaron Olsen ("Olsen Decl."), ¶ 2. Defendant's Notice and Acknowledgment of Receipt of the Summons and Complaint is attached hereto as **Exhibit C**. Accordingly, the removal is timely under 28 U.S.C. § 1446(b).

## III.   VENUE IS PROPER

This action originally was brought in the Superior Court of the State of California, County of Orange. Therefore, venue lies in the Central District of this Court, pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(c).

## IV.   BASIS FOR FEDERAL QUESTION JURISDICTION UNDER THE LABOR MANAGEMENT RELATIONS ACT

This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. section 1331. Removal is proper under 28 U.S.C. sections 1441 and 1446, in that it is a civil action that raises issues which directly implicate questions of federal law under Section 301 of the Labor Management Relations Act, 29 U.S.C. section 185, et seq. ("LMRA") and the National Labor Relations Act 29 U.S.C. sections 151-169 ("NLRA"). Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or with regard to the citizenship of the parties." 29 U.S.C. §185(a). "The preemptive force of section 301 is so powerful as to displace entirely any state claim [1] based on a collective bargaining agreement, and [2] any state claim whose outcome depends on analysis

of the terms of the agreement." *Young v. Anthony Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (citations omitted). Section 301 applies "beyond cases specifically alleging contract violation to those whose resolution is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001) (en banc) (internal citations omitted); *see also Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748 (9th Cir. 1993) (Section 301 preempts a state law claim "if the resolution of [that] claim depends upon the meaning of a collective-bargaining agreement."). Essentially, Section 301 preempts "state law claims grounded in the provisions of a CBA or requiring interpretation of a CBA." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016).

Plaintiff's claims are preempted by the LMRA because Plaintiff asserts a cause of action for unpaid overtime which does not apply to employees working under qualifying CBAs. *See Curtis v. Irwin Industries, Inc.* 913 F.3d 1146, 1150 (2019) (citing Cal. Lab. Code §514) ("[T]he default definition of overtime and overtime rates…does not apply to an employee who is subject to a qualifying CBA. If [Plaintiff's] CBAs in this case meet the requirements of section 514, [Plaintiff's] right to overtime exists solely as a result of the CBA and therefore is preempted under § 301." (internal quotation marks omitted)).

Under California Labor Code section 514, California overtime provisions do not apply to an employee who is subject to a qualifying CBA. Here, the Plaintiff's CBA expressly provides for "the wages, hours of work, and working conditions of the employees, and . . . premium wage rates for all overtime worked and a regular hourly rate of pay for those employees . . ." *Id*. Thus, the alleged PAGA class members' entitlement to overtime compensation is not grounded in state law for employees covered by the CBA; rather, their overtime earnings are dictated by the terms and conditions collectively bargained for in the CBA.

///

Plaintiff's alleged theories in the Complaint are also preempted by Section 301 of the LMRA because the resolution of the claims asserted on behalf of the alleged PAGA class will require interpretation of multiple collective bargaining agreements ("CBAs") effective during the putative PAGA period. Indeed, the CBA in effect at the Carson location alone (where Plaintiff worked during the putative PAGA Period) includes IP and General Teamsters, Airline, Aerospace and Allied Employees, Warehouseman, Drivers, Construction, Rock and Sand ("Local No. 986 CBA"). Declaration of Cissy Braslow, ¶ 5. The Local No. 986 CBA will require this Court's interpretation to resolve Plaintiff's PAGA claims. For example, Plaintiff's overtime claim as well as his meal/rest period claims and minimum wage claims (to the extent they rely on alleged work during meal periods) require interpretation of the CBA applicable to the plant where he worked, including the following provision from Section 8 of the Carson CBA:

> Employees will be allowed a 12-minute paid rest break for every four (4) hours worked, or major fraction thereof, which insofar as practicable shall be in the middle of each work period. Thus, employees working an 8-hour shift shall be allowed two (2) twelve-minute paid breaks -- one twelve minute break before lunch and one twelve-minute break after lunch. Employees working in excess of an 8-hour shift will be allowed a third break of ten (10) minutes in length within thirty (30) minutes after the end of their regular 8-hour shift. Employees shall have the right to take their breaks away from their work stations.
>
> All employees working an eight 8-hour shift shall be provided a thirty (30) minute paid lunch period. This lunch period shall commence not earlier than three (3) hours after the start of the shift and not later than five (5) hours after the start of the shift. Employees working a ten (10) hour or longer shift will be provided with a second

thirty (30) minute unpaid lunch period to be taken sometime within the 10th hour worked (exclusive of first meal time). This second unpaid lunch period may be waived, in writing, by mutual consent of the employee and the Company as long as the employee took the first paid thirty (30) minute lunch break and did not work more than 12 hours (exclusive of meal times).

The Carson Plant is a continuous run operation and crewmembers should rotate rest and meal breaks. The crews will provide their own relief except in instances where the type of material being processed requires additional help.

In addition, Plaintiff's overtime and minimum wage claims will also require interpretation of the following provision from the CBA applicable to the Carson plant where he worked: Shift workers are required to be in their places ready to begin work when the shift begins. No Employee shall leave or make preparation to leave (such as washing or changing clothing) until his mate shall notify the foreman.

To the extent that Plaintiff has not specifically pled that his claims require interpretation of the applicable CBA, he attempts to "artfully plead" his claim. This is improper and cannot avoid Section 301 preemption. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d at 997.

Accordingly, this Court has original jurisdiction over Plaintiff's overtime, meal, and rest period causes of action and overtime cause of action in the Complaint.

V.   **SUPPLEMENTAL JURISDICTION**

Pursuant to 28 U.S.C. §§ 1367(a) and 1441(c), this Court has supplemental jurisdiction over each of Plaintiff's additional causes of action under California law because each arises from the same nucleus of operative facts (i.e., the same transactions or occurrences), namely, Plaintiff's employment with IP. Indeed, each

of Plaintiff's claims grouped together under Plaintiff's single cause of action arise from, and form part of, the same case or controversy as Plaintiff's overtime, meal, and rest period claims for which this Court has original jurisdiction under the LMRA. *See*, *e.g.*, *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (holding that, absent unusual circumstances, where claims based on federal law have a "common nucleus of operative fact" with those alleged under state law, federal courts should exercise supplemental jurisdiction over the state law claims); *see Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1070 (9th Cir. 2019) (citing *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1288 (9th Cir. 2013) that "supplemental jurisdiction [is] proper under 28 U.S.C. § 1367(a) where claims arise from a "common nucleus of operative facts"); *see also Sea-Land Serv., Inc. v. Lozen Int'l*, 285 F.3d 808, 814 (9th Cir. 2002) ("Because the federal and state counterclaims arise from the same transaction and rely on identical facts for their resolution, they 'form part of the same case or controversy under Article III' for the purposes of supplemental jurisdiction [under 28 U.S.C. § 1367(a)]."); *Navarro v. City of Fontana*, Case No. EDCV091525VAPDTBX) 2010 WL 11459998, at *2.

## VI.  NOTICE OF REMOVAL WAS PROPER

In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be served promptly on Plaintiff's counsel and filed with the Clerk of the Orange County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be followed and satisfied.

Written notice of Defendant's Notice of Removal and Removal in the United States District Court for the Central District of California will be served on Plaintiff's counsel of record. A copy of the Notice to Adverse Party of Removal of Action to Federal Court is attached hereto as **Exhibit D** (without exhibits because the Notice is the exhibit). In addition, a copy of this Notice of Removal and

Removal will be filed with the Clerk of the Court in the Superior Court for the State of California, County of Orange. A copy of the Notice to State Court of Removal of Action to Federal Court is attached to Defendant's Notice of Removal as **Exhibit E** (without exhibits because the Notice is the exhibit).

## VII.  CONCLUSION

Based on the foregoing, Defendant hereby removes the above-captioned action from the Orange County Superior Court to this Court based on federal question jurisdiction (28 U.S.C. §§ 1331, 1441, 1446, 29 U.S.C §§ 185, et seq., 151-169) and supplemental jurisdiction (28 U.S.C. §§ 1367(a) and 1441(c)), and respectfully requests that this Court retain jurisdiction for all further proceedings.

DATE: January 9, 2023                    Respectfully submitted,

                                                      **FISHER & PHILLIPS LLP**

By:  /s/ Aaron F. Olsen
Danielle Hultenius Moore
Aaron F. Olsen
Christopher M. Champine
Attorneys for Defendant,
INTERNATIONAL PAPER COMPANY

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On January 9, 2023, I served the foregoing document entitled **DEFENDANT INTERNATIONAL PAPER COMPANY'S NOTICE OF REMOVAL UNDER FEDERAL QUESTION JURISDICTION (28 U.S.C. §§ 1331, 1367, 1441, 1446, 29 U.S.C. §§ 185, et seq., and 29 U.S.C. §§ 151-169)** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Michael R. Crosner (SBN 41299) | E: mike@crosnerlegal.com |
| Zachary M. Crosner (SBN 272295) | E: zach@crosnerlegal.com |
| Jamie Serb (SBN 289601) | E: jamie@crosnerlegal.com |
| Chad Saunders (SBN 257810) | E: chad@crosnerlegal.com |
| CROSNER LEGAL, PC | T: 310-496-5818 |
| 9440 Santa Monica Boulevard, Suite 301 | F: 310-510-6429 |
| Beverly Hills, CA 90210 | |

*Attorneys for Plaintiff,*
*Rodolfo Gutierrez*

☒ **[by MAIL]** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SUBMISSION]** I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 9, 2023 at San Diego, California.

| Amanda Funkhouser | By: *Amanda Fn* (signature) |
|---|---|
| Print Name | Signature |

FP 46040973.1

1   Case No.
CERTIFICATE OF SERVICE